# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL BENEDICT,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

Case No. 2:21-cv-00245-RFB-NJK

**ORDER**

[Docket Nos. 17, 22]

Pending before the Court is the parties' stipulation to extend the time for Plaintiff to file a reply in support of his motion to compel. Docket No. 22; *see also* Docket No. 17 (motion to compel). The stipulation is properly resolved without a hearing. *See* LR 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *NevadaPower Co. v.*

*Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.*

To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Courts may look beyond the certification made to determine whether a sufficient meet and confer occurred. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). "A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Id.*

Plaintiff submits that the parties met and conferred before he filed the motion to compel. Docket No. 17 at 4. However, in the instant stipulation, the parties submit that they may further narrow the disputed discovery issues after meeting and conferring on July 15, 2021. Docket No. 22 at 2. The meet and confer requirement exists precisely for situations where, as submitted here, the parties can "resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *NevadaPower Co.*, 151 F.R.D. at 120 (quoting *Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988)). Plaintiff's failure to properly meet and confer prior to filing his motion to compel provides sufficient grounds for denying the motion. *See Cardoza*, 141 F. Supp. 3d at 1145.

Accordingly, Plaintiff's motion to compel, Docket No. 17, is hereby **DENIED** without prejudice. The parties' stipulation, Docket No. 22, is hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: July 14, 2021

_____
Nancy J. Koppe
United States Magistrate Judge