UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BENEDICT,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant(s). | Case No. 2:21-cv-00245-RFB-NJK<br><br>**Order**<br><br>[Docket No. 29] |

Pending before the Court is Plaintiff's renewed motion to compel. Docket No. 29. Defendant filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 37. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

This case involves an insurance dispute. Plaintiff alleges that he was injured in a car accident. Docket No. 1-1 at ¶ 11. After settling with the adverse insurer, Plaintiff demanded payment from Defendant pursuant to underinsured motorist coverage. *Id.* at ¶ 22. Plaintiff thereafter initiated this lawsuit in state court, bringing claims for breach of contract, unfair claims practices, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. Defendant removed the case to federal court on the basis of diversity jurisdiction. Docket No. 1.

The parties are now before the Court on a discovery matter.

**II.    STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling discovery. Fed. R. Civ. P. 37(a). "[B]road

1

discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

**III.   ANALYSIS**

The current dispute arises out of Defendant's responses to two requests for production and one interrogatory.

    A.    <u>Requests for Production Nos. 16 and 17</u>

Plaintiff served discovery requests for documents consisting of all complaints and related documents alleging that Defendant improperly delayed its handling of an underinsurance claim (Request for Production No. 16), as well as all complaints and related documents alleging that Defendant made misrepresentations regarding the collection of medical records or bills in handling an underinsurance claim (Request for Production No. 17). *See* Docket No. 29 at 5-7.[1] Plaintiff contends that these requests are seeking relevant information and are otherwise appropriate given the similar issues being alleged in this case. *See id.*[2] Defendant objects to these requests as fishing expeditions and on numerous other grounds, but it also offers to provide a list of cases in which a verdict was reached against Defendant based on one of the identified types of allegations. *See* Docket No. 34 at 5-9. The Court agrees with Defendant's compromise position.

As Defendant notes in its briefing, courts have found that discovery into <u>claims</u> of improper conduct alleged in other cases is generally too disconnected with the current dispute to warrant discovery, but that discovery into adverse <u>judgments</u> based on that improper conduct is relevant and appropriately compelled. *See Schneider v. Philadelphia Indemn. Ins. Co.*, 2017 WL 5957901, at *2-3 (W.D. Mo. May 5, 2017) (discussing *Council Tower Ass'n v. Axis Specialty Ins. Co.*, 2009 WL 1176280, at *1 (E.D. Mo. Apr. 30, 2009)). Weighing the applicable factors based on the

---

[1] The scope of the requests is limited to five years and to the state of Nevada.

[2] Plaintiff's claim is being handled by Jake at State Farm. Docket No. 29-3 at 2. Plaintiff asserts that additional events in the claims handling process since filing suit support his causes of action and his request for discovery. *See, e.g.*, Docket No. 37 at 2.

circumstances of this case, *see* Docket No. 34 at 6-7 (addressing proportionality factors), the Court will follow the same approach here in concluding that only adverse judgments are discoverable.[3]

Accordingly, this aspect of the motion to compel will be denied, except that Defendant must produce a list of cases involving the types of allegations identified in which adverse judgments were entered against it. Supplemental responses providing that information must be served by January 19, 2022.

B.   Interrogatory No. 2

The parties next dispute Defendant's response to Interrogatory No. 2. For legal actions involving certain extra-contractual claims brought against Defendant[4] arising out of a motor vehicle collision, this interrogatory asks Defendant to identify "the names and addresses of all parties; the date of the filing of the action; the docket number of the action; the jurisdiction in which the action was filed; the substance of the facts, as set out in the pleadings; the jurisdiction in which the action came to trial, if different from the jurisdiction in which the action was filed; whether the action has been settled, adjudicated, or is pending; the nature or result of any disposition of the action; and the name and address of the attorney representing the plaintiff in the action." *See* Docket No. 29 at 7-8. Similar to its position discussed above, Defendant offers to provide a list of cases in which a verdict was entered against it for fraud or insurance bad faith. Docket No. 34 at 10. In addition to numerous other objections to the request, Defendant opines that the information being sought can be discerned by Plaintiff's counsel by searching public sources rendering this request improper. *See id.* Plaintiff's reply did not meaningfully respond to the argument regarding his access to the information being requested. *See* Docket No. 37.

For the reasons discussed above, the Court agrees with Defendant that this request should be limited to cases involving adverse judgments. Moreover, courts are disinclined to compel

---

[3] Plaintiff seeks discovery into, *inter alia*, arbitration findings. *See, e.g.*, Docket No. 37 at 3 (asserting that Plaintiff seeks discovery "where some adjudication such as arbitration . . . occurred"). The Court notes that Defendant is offering to provide adverse "verdicts" as opposed to adverse "judgments," but the rationale provided would also support the production of adverse arbitral findings that were confirmed or otherwise reduced to judgment in subsequent court proceedings. Any such adverse arbitration-related judgments must be produced.

[4] The scope of the request is limited to five years and to the state of Nevada.

3

discovery when the responsive information is equally available to the propounding party from public sources. *See, e.g.*, *Hunter v. Ogbuehi*, 2018 WL 1243421, at *17 (E.D. Cal. Mar. 9, 2018) (denying interrogatory requesting identification of prior lawsuits concerning medical malpractice or deliberate indifference, including identification or production of orders and other information from those cases). As such, the Court will not compel Defendant to compile the additional information requested (such as opposing counsel contact information) as Plaintiff has offered no reason why his counsel cannot easily obtain that information from public sources.

Accordingly, the motion to compel will be denied as to this interrogatory, except that Defendant must provide a list of cases involving the types of claims identified in which adverse judgments were entered against it. A supplemental response providing that information must be served by January 19, 2022.

### IV.  CONCLUSION

For the reasons discussed more fully above, the motion to compel is **GRANTED** in part and **DENIED** in part. Defendant's supplemental responses must be provided by January 19, 2022.[5]

IT IS SO ORDERED.

Dated: January 5, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Plaintiff makes an unelaborated request for fees, Docket No. 37 at 5, which is **DENIED**, *see* Fed. R. Civ. P. 37(a)(5)(C) (providing wide discretion in deciding whether to award fees with respect to motion to compel that was granted in part and denied in part); *see also* Fed. R. Civ. P. 37(a)(5)(A)(ii) (fees should not be awarded when the losing party's positions are substantially justified).